IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| LARRY WATSON | : | NO. 05-208 |

# MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                             AUGUST 19, 2011

      Presently before the Court is a Motion for "Modification/Reconsideration of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)" ("Motion for Modification") submitted by Defendant, Larry Watson ("Watson"), to decrease his sentence of incarceration below the range imposed by the sentencing guidelines. For the following reasons, we will deny Watson's Motion.

**I.    FACTS**

      On March 17, 2005, Watson robbed a Wachovia Bank located at 123 South Broad Street in Philadelphia, Pennsylvania by handing the teller a note which stated, "Be Quiet Give me The MONey I GoT A BOMB." The teller handed Watson approximately $1,970 in cash. Watson then fled the scene in a taxi cab, dropping some of the cash on the floor on his way out. Shortly thereafter, he was apprehended and arrested with most of the proceeds of the robbery in his pockets. Watson waived his Miranda rights and fully confessed to his acts, informing investigating officers that he needed the money to purchase crack cocaine.

      On July 25, 2005, Watson entered an "open" guilty plea[1] pleading to a one-count

---

[1] An "open" guilty plea is a plea made by the defendant without the benefit of a plea agreement entered into with the Government. United States v. Booth, 432 F.3d 542, 543 n. 1 (3d Cir. 2005) (citing United States v. Casiano, 113 F.3d 420, 423 (3d Cir. 1997)).

indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a).[2] Watson's sentencing hearing took place on December 9, 2005. The Probation Office calculated that Watson's offense level was 29, and that he was in criminal history category VI, resulting in an advisory guideline range of 151 to 188 months incarceration.[3] The maximum length of incarceration for Watson's offense was twenty years. (PSR ¶ 92.) In deciding the appropriate length of Watson's sentence, we considered his extensive criminal history, which included: 14

---

[2] 18 U.S.C. § 2113(a) provides, in pertinent part:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belongign to, or in care, custody, control, management, or possession of, any bank . . . ; or

Whoever enters or attempts to enter any bank . . . or any building used in whole or in part as a bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny –

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

[3] Under § 2B3.1 of the Sentencing Guidelines, the base offense level for robbery is 20. See U.S.S.G. § 2B3.1. Pursuant to § 2B3.1(b)(1), this was increased by two levels, because Watson took the property of a financial institution, and by another two points because Watson threatened that he had a bomb. (Pre-Sentencing Report ("PSR") ¶¶ 39-40.) This resulted in a total base offense level of 24. (Id. ¶ 27.) Under § 4B1.1(b), this was increased to 32, because Watson was a Career Offender. (Id. ¶ 28.) With a three-level adjustment for acceptance of responsibility, the Total Offense Level was 29. (Id. ¶¶ 20-30.)

Watson's four prior criminal convictions resulted in 14 criminal history points, to which 2 points were added because Watson was on parole when he committed this crime. In addition, 1 point was added because Watson committed this offense less than two years after his release from custody, resulting in a total of 17 criminal history points. (Id. ¶¶ 38-40.) With 17 criminal history points, Watson had a Criminal History Category of VI. Watson's two prior felony drug convictions and prior felony robbery conviction rendered him a Career Offender in Criminal History Category VI as well. (Id. ¶ 42.)

prior arrests (many for robbery), 4 prior convictions (for robbery, felony drug offenses, and criminal trespass), and multiple prior violations of probation and parole. (Id. ¶¶ 33-37, 43-50.) We also considered Watson's significant history of mental health issues, including prior hospitalizations and substance abuse issues along with his troubled family life and the fact that he was diagnosed as HIV positive. (Id. ¶¶ 51-91.) On December 19, 2005, after hearing argument from the Government and from Watson's defense counsel, we imposed a sentence of 151 months of incarceration, a sentence at the bottom of the advisory guideline range. Since Watson's December 9, 2005 sentencing, he has not availed himself of his appellate rights, including any relief pursuant to 28 U.S.C. § 2255.[4]

On March 15, 2011, Watson submitted the instant Motion for Modification requesting that we "depart downwards from the Guidelines" and decrease his sentence to 120 months. (Def.'s Mot. for Modification at 7.) Watson argues that he is entitled to the same 120 months incarceration as the defendant in United States v. Watson, 482 F.3d 269 (3d Cir. 2007) (defendant Samuel Watson unrelated to Larry Watson) and that the difference in his sentence and Samuel Watson's sentence is unreasonable. Watson has submitted various letters and reports in support of his Motion for Modification, including psychological reports, letters attesting to his good character, professional certificates earned while incarcerated, a marriage certificate, and various medical records. Overall, these submissions show that, since being incarcerated, Watson has worked hard to better himself and to become a positive, contributing member of his community. On July 1, 2011, the United States ("the Government") submitted a Response

---

[4] We may not construe the instant Motion as one requesting relief under 28 U.S.C. § 2255, because more than one year has passed since the date Watson's conviction became final. 28 U.S.C. § 2255(f).

arguing that 18 U.S.C. § 3582(c)(1)(A) "provides no basis for modification of Watson's sentence", and that our sentence was substantively reasonable. (Govt.'s Resp. at 4-5.)

## II. DISCUSSION

### A. 18 U.S.C. § 3582(c)

In 18 U.S.C. § 3582(c), Congress provided that a court *may not* modify a term of imprisonment once it has been imposed except in three limited circumstances set forth in the statute. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (emphasis in original) (citing 18 U.S.C. § 3582). The Sixth Circuit Court of Appeals has described those limited circumstances as follows:

> Under 18 U.S.C. § 3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, see 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed. R. Crim. P. 35, see 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline for the offense of conviction has been retroactively lowered, see 18 U.S.C. § 3582(c)(2).

United States v. Malik, No. 05-80266-1, 2011 WL 2015568, at *1 (E.D. Mich. May 23, 2011) (citing United States v. Benjamin, No. 97-2147, 1999 WL 685924, at *4 (6th Cir. Aug. 26, 1999) (Attachment A). Section 3582(c) also authorizes a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Id. (citing 18 U.S.C. § 3582(c)(1)(B).

In Watson's case, the Bureau of Prisons has not requested a modification of his sentence,

modification is not permitted under Federal Rule of Criminal Procedure 35,[5] and the guideline range has not been lowered.  Additionally, the statute cited by Watson, 18 U.S.C. § 3553(a),[6] is not a statute that expressly permits us to modify Watson's sentence.  Although 18 U.S.C. § 3553(a) requires a sentencing court to consider a variety of factors and permits, in some instances, a downward departure from the sentencing guidelines, such departures have "only been sanctioned where the defendant is before the court for sentencing or re-sentencing.  There is nothing in the statute or the case law to suggest that the court may depart on such grounds once a sentence has been lawfully imposed and is no longer subject to direct appeal.  <u>United States v. Rosa</u>, CRIM. A. 97-13-KAJ, 2006 WL 2346355, at *2 (D. Del. Apr. 7, 2006) (citing <u>Bruno v. United States</u>, 2000 WL 1051850, at *3 (S.D.N.Y. July 31, 2000)).  This Court's authority to consider post-conviction rehabilitation in support of a motion for a downward departure is similarly limited to the context of an initial sentencing or re-sentencing for other reasons.  <u>United States v. Medley</u>, 168 F. Supp. 2d 293, 297 (D. Del. 2001).  Since Watson is not before us for sentencing or re-sentencing, we cannot grant the relief requested on the basis of 18 U.S.C. §

---

[5] Federal Rule of Criminal Procedure 35 allows a court to correct a sentence under limited circumstances: (a) within fourteen days after sentencing to correct an arithmetical, technical, or other clear error; or (b) upon the Government's motion based on the defendant's substantial assistance post-sentencing.  <u>See</u> Fed. R. Crim. P. 35.  None of these circumstances are present here.

[6] Section 3553 addresses the factors that a district court must consider when imposing a sentence.  They include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense and committed by the applicable category as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission in effect on the date the defendant is sentenced; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

3582(c)(1)(A) or § 3553(a). Furthermore, the time for Watson to challenge his sentence by way of a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255 has long since passed. See Fed. R. App. P. 4(b) (establishing a fourteen day period for a defendant to file a notice of appeal in a criminal case); 28 U.S.C. § 2255(f) (setting forth a one-year period of limitation for a federal prisoner to file a motion to vacate, set aside, or correct sentence). Accordingly, we find that we lack jurisdiction to modify Watson's sentence pursuant to 18 U.S.C. § 3582(c).

      An appropriate Order follows.